| LEON H. GRANDJEAN, | : | NO. 8,225 |
| versus | : | COURT OF APPEAL |
| NEW ORLEANS GAS LIGHT COMPANY | : | PARISH OF ORLEANS |

WILLIAM A. BELL, JUDGE:

24-22

BY: WILLIAM A. BELL, JUDGE:

Plaintiff sues defendant for the sum of One Thousand Seven Hundred and Fifty Dollars ($1,750) damages alleged to have been sustained because of the removal by defendant of a certain gas meter from plaintiff's residence. The total amount herein prayed for is itemized as follows: Damages claimed in the sum of One Thousand Dollars ($1,000) alleged to have been suffered by plaintiff to his good name and reputation, and also for mortification, humiliation, embarrassment and mental chagrin, suffered by both himself and his wife; it is also claimed that because of the unwarranted trespass of the defendant company upon the premises of petitioner, and because of th. illegal removal and taking away of the gas meter, and because of the deprivations suffered in the loss of the use and benefit of the gas service from May 17, 1917, until its replacement, plaintiff suffered damages in the sum of Five Hundred Dollars ($500); it is also claimed that plaintiff was compelled to employ counsel because of the unlawful acts of the defendant company in the removal of the meter, and that the reasonable value of said services is the sum of Two Hundred and Fifty Dollars ($250).

There was judgment of the Lower Court in favor of plaintiff for the sum of One Hundred Dollars ($100) and costs, and in the written reasons for judgment, the Court in a few lines expressed the opinion that the damage was slight, and awarded the amount mentioned.

We find, from the evidence, that there were difficulties not necessary to be narrated at this time which arose between the plaintiff and defendant, leading to the defendant company's issuing an order for the gas service to be cut out. This order was placed in the hands of one of defendant's employees, who called at plaintiff's residence on March 17, 1919 to remove the meter, but it is clear that the meter on this

401

occasion was not removed, the wife of plaintiff stating that the bill then due for the months of December, 1918, and January 1919, would be paid. This promise made by plaintiff's wife was kept, and the bill was paid on March 17, 1919. There is no claim in this suit for any damages suffered on this occasion, but the sole complaint narrated in plaintiff's petition upon which he now seeks recovery, was a subsequent incident, arising in the later month of May, 1919. It appears that when the bills for December and January were paid in March, 1919, the treasury department of the defendant company issued an order canceling the cut-out order which had been previously given to its meter department, but through some error in the company's office, this cancellation of the cut-out order was not observed, and though plaintiff had fully paid all of the bills due up to the day of May 17, 1919, that on said date an employee of defendant company called at plaintiff's residence, rang the bell, and informed plaintiff's wife that the company desired to remove the gas meter, and to discontinue the service because the bills had not been paid. The gas meter in question was on the front porch. There was no attempt on the part of the employee of the company to enter the house against the occupant's wishes, but on the contrary, it appears from the testimony of defendant's employee that he made courteous request, simply stating the reasons why he desired to remove the meter. It is not denied by the defendant that there was unfortunate error in the office of its company, leading to the attempted second removal of the meter, but we find from the evidence that as soon as the employee of the company was advised by plaintiff's wife that there was error on behalf of the company in attempting to remove the meter when all bills were paid, that this employee made every effort to replace the meter which had at that moment been disconnected. Instead of plaintiff's wife permitting this to be done, she refused this request on three occasions on this same day. The wife's testimony is clear - she refused to allow the meter to be replaced, and that

her husband had instructed her over the telephone not to let the employee re-connect the meter. When the meter was first disconnected, the defendant's employee appears to have made immediate effort to re-connect it, but plaintiff's wife said that this could not be done until she telephoned her husband - that she returned in fifteen minutes and told the employee that her husband had stated that the meter should not be put back, and that he then went off with the meter, and came back in the afternoon at two o'clock, again requesting that he be permitted to restore the meter, and she again refusing.

From this evidence it is clear that, though the defendant company made error in its office concerning the cut-out order, that plaintiff need not have been deprived of the gas service at any time, had he and his wife permitted the immediate re-connection of the meter. The refusal to allow this resulted in the deprivation of the gas service to petitioner from the Saturday afternoon of May 17th, to some time during the day of May 19th, 1919. While the loss of the service to petitioner doubtlessly caused him and his household some inconvenience, it is clear from the record, that the inconveniences suffered were due wholly to the fault of petitioner in instructing his wife not to permit the meter to be restored. There is nothing in the record to show that petitioner seriously suffered any embarrassment, and while his wife might have been, and in fact appears to have been, somewhat chagrined and annoyed by the attempted removal of the meter, there is no provision of the law which will permit petitioner to recover in this action on behalf of his wife. She is not a plaintiff in the suit, and petitioner's rights, if any, must be confined to the relief as prayed for in the petition. R. C. C. Art. 2334, as amended by Act. 186 of 1920.

We find that no unlawful trespass was made, but that, on the contrary, every effort on the part of defendant's

employee to prevent inconvenience to petitioner or his wife, was offered, and that the trespass and deprivation of gas service complained of in plaintiff's petition, cannot be recognized as ground for damages, for, if any were suffered, plaintiff alone was at fault in failing to permit the immediate restoration of the meter. The authorities are too numerous, and the doctrine is too well established to require citation to support it, that damages, if suffered, should not be increased by a complainant, but every effort on the part of the party suffering said damage to reduce or minimize the same, or to prevent the same before it has occurred, should be made. The claim for attorneys' fees as the basis of damage in this case can, of course, not be recovered. There is nothing in this record to justify the charges made by petitioner that defendant acted maliciously, or that its employees were insulting or discourteous, nor that plaintiff was subjected to any embarrassing situations presented to his neighbors or friends, due to any fault of the defendant's.

For these reasons we are of the opinion that even the nominal damages allowed by the Lower Court should be denied. It is therefore, ordered, adjudged and decreed, that the judgment of the Trial Court be, and the same hereby is, reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's petition at his costs in both courts.

JUDGMENT REVERSED.